**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-6368**

_____

OWEN BOBBY LAMB, JR.,

        Plaintiff - Appellant,

    v.

HAROLD CLARKE, Director of Dep't of Corrections; WARDEN WALRATH, Warden; MR. VANCHAMP, Unit Manager,

        Defendants - Appellees.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Liam O'Grady, Senior District Judge. (1:21-cv-01162-LO-IDD)

_____

Submitted: January 31, 2023                   Decided: August 8, 2023

_____

Before NIEMEYER and RUSHING, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Affirmed as modified by unpublished per curiam opinion.

_____

Owen Bobby Lamb, Jr., Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Owen Bobby Lamb, Jr., appeals the district court's order dismissing with prejudice his 42 U.S.C. § 1983 action.[*]  In his amended complaint, Lamb sought both damages and immediate release from prison.  The district court dismissed Lamb's claims as barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that plaintiff may not recover damages under § 1983 for alleged constitutional violations that would necessarily imply invalidity of conviction or sentence unless plaintiff demonstrated that conviction or sentence was set aside or invalidated).

We agree that the principles of *Heck* barred Lamb's claims in his § 1983 amended complaint.  *See Nettles v. Grounds*, 830 F.3d 922, 928 (9th Cir. 2016) (explaining that *Heck*'s favorable termination rule "ensur[es] that a court cannot address a § 1983 claim if doing so would require it to first resolve a claim that falls within the core of habeas corpus").  Although Lamb argued that he was also entitled to immediate release, any challenge to the fact or duration of his confinement must be brought in a habeas petition under 28 U.S.C. § 2254.  *See Moskos v. Hardee*, 24 F.4th 289, 295 (4th Cir. 2022) (explaining that "habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement" (internal quotation marks omitted)).

Accordingly, we affirm the district court's judgment dismissing Lamb's amended complaint, but we modify the judgment to reflect a dismissal without prejudice so that

---

[*] Although Lamb's action was filed on a form for petitions under 28 U.S.C. § 2241, the district court properly considered it to be an action under 28 U.S.C. § 1983 based on the request for damages.

2

Lamb may refile his claims should he ever satisfy *Heck*'s favorable termination requirement. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED AS MODIFIED*